IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Edwin M. Coles, et al.,                                        Case No. 3:08CV2968

            Plaintiffs

     v.                                                              ORDER

Board of Park Commissioners
      Erie Metroparks, et al.,

            Defendants

      This is a civil rights case arising from the development of a "rails to trails" pedestrian trail and bikeway from Milan to Huron, Erie County, Ohio, by the defendant Board of Park Commissioners [Board]. The plaintiffs, property owners adjacent to the trail, claim that, in creating the trail, the Board and its individual members engaged in a taking without just compensation in violation of the Fifth Amendment.

      Pending is a motion by the individual defendants, past and current members of the Board, for summary judgment. [Doc. 28]. For the reasons that follow, their motion shall be granted.

      Count Three of plaintiffs' complaint, which alleges that the individual defendants conspired to take plaintiffs' property without just compensation, is the only count at issue.[1] While the

---

[1]

Though defendants' motion for summary judgment also seeks summary judgment as to Counts One and Two, plaintiffs' response states that they are not asserting claims against the defendants in those

defendants assert several grounds for granting their motion for summary judgment, I need address only one: namely that they are entitled to qualified immunity.

Plaintiffs' opposition brief [Doc. 34] contains no discussion of defendants' claim of qualified immunity. Defendants are, therefore, entitled to have their motion granted. Fed. R. Civ. P. 56(e)(2).

In any event, the plaintiffs have the burden of proof with regard to the elements of qualified immunity. *E.g., Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 302 (6th Cir.2005) ("Qualified immunity must be granted if the plaintiff cannot establish each of the[] elements" thereof). Among the elements is that the conduct by the defendant giving rise to the plaintiffs' claim "involved a clearly established constitutional right of which a reasonable person would have known." *Feathers v. Aey*, 319 F.3d 843, 848 (6th Cir. 2003).

Plaintiffs have failed to show that it violates a clearly established right for persons to engage in a conspiracy to take another's property. Plaintiffs cite no cases involving such alleged conspiracy, much less a case clearly establishing the right on which they base Count Three.

As defendants point out, plaintiffs cannot assert a claim for a violation of the Takings Clause against an individual defendant. *Victory v. Walton*, 730 F.2d 466, 467 (6th Cir. 1984). It would be anomalus for the law to relieve individual defendants of liability when acting individually while imposing liability when defendants undertake the same action collectively. I agree with the defendants that there is no cognizable cause of action under 42 U.S.C. § 1983 for conspiracy to violate the Takings Clause.

It is, therefore,

---

two counts. Defendants' motion for summary judgment shall be overruled as moot in light of that response.

ORDERED THAT the motion of the individual defendants for summary judgment [Doc. 28]

be, and the same hereby is granted.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge

3